UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

                Plaintiff,

    v.

THE FEDERAL RESERVE BOARD,

                Defendant.

Case No. C21-1219-RJB-MLP

REPORT AND RECOMMENDATION

Plaintiff John Demos is a Washington prisoner who is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). He has presented to this Court for filing a document which he identifies as a "Motion for A Qui Tam Action," and he indicates that his motion is made "Pursuant to the False Claims Act." (Dkt. # 1.) Plaintiff has not paid the filing fee for this action nor has he applied to proceed with this action *in forma pauperis* ("IFP").

REPORT AND RECOMMENDATION
PAGE - 1

| | |
|---|---|
| 1 | In the "Argument" section of his motion, Plaintiff accuses the Federal Reserve Board of various transgressions including: (1) conspiring to manufacture "an economic depression crisis of historic proportions; (2) over-printing and over-devaluation of paper currency; (3) violating the Gold Coinage Clause of the U.S. Constitution; (4) deliberately raising the debt limit to bring about a "One World Government"; (5) "pocketing" gold and silver into secret accounts; (6) abusing the public trust; and (7) mismanagement and corruption. (Dkt. # 1 at 2.) In the "Conclusion" section of his motion, Plaintiff further accuses the Federal Reserve Board of: (1) "Billing the Government falsely"; (2) "Delivering to the Government less than what was represented"; and (3) "Using, and employing fake records, to decrease an obligation to the U.S. Government." (*Id*. at 3.) |

This case was opened as a federal habeas action under 28 U.S.C. § 2241, but it is clear the claims Plaintiff intends to assert herein do not fall within the scope of § 2241 which generally provides a mechanism for individuals in custody to challenge the lawfulness of their detention. *See* 28 U.S.C. § 2241(c). Plaintiff does not present any challenge to his confinement and, thus, Plaintiff's motion is not properly construed as a federal habeas petition. It appears Plaintiff's motion is more properly construed as simply a civil complaint. However, regardless of how Plaintiff's motion is characterized, this action must be dismissed.

As noted above, Plaintiff has not paid the filing fee for this action nor has he applied to proceed IFP and, thus, this proposed action is not properly before the Court. Even if Plaintiff had applied to proceed IFP, Plaintiff is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff has already reached this annual limit. *See, e.g.*, *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting Systems, et al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-217-RJB (W.D. Wash.).

Moreover, had Plaintiff sought leave to proceed IFP, this action would also be subject to dismissal because Plaintiff has not met the requirements of 28 U.S.C. § 1915(g). Under § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's submission does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Based on the foregoing, this Court recommends that Plaintiff's motion (Dkt. # 1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 8. 2021**.

\\

REPORT AND RECOMMENDATION
PAGE - 3

Dated this 13th day of September, 2021.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge